# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Nancy Ford,**

**Plaintiffs,**

**v.**                                                    **Case No. 19-2535-JWL**

**Ryan D. McCarthy,**
**Secretary, Department of the Army,**

**Defendant.**

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Nancy Ford filed suit against defendant alleging violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. Defendant filed a motion to dismiss for lack of jurisdiction and, at the same, an unopposed motion for leave to file under seal certain exhibits related to the motion to dismiss. Consistent with its usual practice and to expedite the processing of the underlying motion, the court summarily granted the motion for leave to file under seal but noted that it would revisit that issue after a ruling on the merits of the motion to dismiss. Plaintiff responded to the motion to dismiss by filing a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a).

Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir.2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id*. The party seeking

to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

The rationale underlying the public's right to access is to allow the public an opportunity to assess the correctness of the judge's decision. *See Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (rationales for public access to judicial records are the public's confidence in, and the accountability of, the judiciary); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006). In light of this rationale, the court declines to unseal the documents underlying the motion to dismiss. Significantly, the court did not reach or resolve the merits of the motion to dismiss because plaintiff voluntarily dismissed her case before that motion was ripe. Accordingly, the need for public monitoring of the court is nonexistent and is clearly outweighed by defendant's articulated interest in maintaining the confidentiality of documents relating to plaintiff's employment and records from plaintiff's personnel file.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the documents filed under seal (doc. 13) in support of defendant's motion to dismiss will remain under seal.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

2